Case: 1:19-cr-00775-PAG  Doc #: 78  Filed:  05/11/20  1 of 3.  PageID #: 502

Case: 1:19-cr-00775-PAG  Doc #: 78  Filed:  05/11/20  1 of 3.  PageID #: 502

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:19CR775 |
| Plaintiff, | : | JUDGE PATRICIA A. GAUGHAN |
| v. | : | |
| STEPHEN BELLIPARIO, et al., | : | CRIMINAL PRETRIAL ORDER |
| Defendant(s). | : | |

Pretrial was held on **5/11/20**.  Trial of this matter is scheduled to commence on **11/10/20 at 9:00 a.m.** in Court Room 19B, United States Court House.  Final Pretrial is set for **9/21/20 at 11:00 a.m.**

It is the responsibility of counsel to notify the Court in writing *immediately* of any failure to provide discovery material.  The Court will *not* continue a scheduled trial because of a failure to provide discovery if this requirement has not been complied with.

**MOTIONS**

Pretrial motions, including motions to suppress, shall be filed on or before **8/31/20**.  Briefs In Opposition shall be filed on or before **9/07/20**.  **Suppression Hearing will be held on the date of the Final Pretrial**.  It is expected that every motion filed will be supported by a substantial foundation and that such foundation will be explicitly stated in the motion.

**TRIAL BRIEFS**

The following must be included in a trial brief which is to be submitted to the Court not later than 4:00 p.m., two working days prior to the final pretrial:

1. Stipulations signed by all counsel and the defendant.

2. A joint set of jury instructions identifying the following:

    a) instructions agreed upon by all counsel with supporting legal authority; and

    b) instructions in dispute with the party proposing the instruction stating supporting reasons and legal authority, and the party objecting to the instructions stating supporting reasons and legal authority.

No proposed jury instruction will be considered by the Court unless it has been submitted in compliance with these provisions, except that request for instructions that could not reasonably have been anticipated may be submitted during trial.

Counsel must also provide **one** agreed upon jury instructions to the Court on a cd rom. The Court is equipped with Microsoft Word. When submitting the cd rom to the Court, counsel are advised to alert the security guard and avoid the x-ray machine to avoid accidental erasure.

    The Court intends to adhere as closely as possible to pattern criminal jury instructions issued by the Sixth Circuit and the Federal Judicial Center.

3. A list of *voir dire* questions. The Court will conduct initial voir dire of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question briefly individual panel members on relevant issues not addressed by the Court.

4. Counsel for the parties are directed to submit to the Court appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

5. Counsel for the parties are directed to submit to the Court an estimate of the length of trial.

6. Exhibits shall be marked before trial with exhibit stickers, which are available at the Clerk's office on request. The plaintiff shall mark exhibits with numbers and defendants shall mark exhibits with letters. If there are multiple parties, the parties last name should precede the number or letter (i.e., "Smith-1" or "Green-A"). If the parties have a joint exhibit it shall be marked as "Jt. Ex. 1" or Jt. Ex. 2" etc. If the defendant has more than 26 exhibits, double letters shall be used (i.e., AA, BB, CC, etc).

    The Court recommends that counsel place all exhibit sets in three-ring looseleaf

binders/notebooks, with appropriately marked divider tabs and a table of contents at the front.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT COURT
CHIEF JUDGE

DATED: 5/11/20

3